UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**NORA JAIMES,**

    **Plaintiff,**

    v.                                  Case No. 20-CV-1372

**MARTIN J. O'MALLEY,**
**Commissioner of Social Security[1],**

    **Defendant.**

---

## DECISION AND ORDER APPROVING AN AWARD OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

---

On February 18, 2022, I reversed the Social Security Commissioner's decision denying Nora Jaimes' claim for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income and remanded the case for further proceedings pursuant to 42 U.S.C. § 405(g), sentence four. (Docket # 20.) I granted Jaimes' request for attorney's fees under the Equal Access to Justice Act ("EAJA") on May 20, 2022 and awarded $4,714.25 in fees. (Docket # 28.) On remand, Jaimes received a favorable decision awarding disability benefits as of June 2019. (Docket # 29-2; Docket # 29-3.) The Social Security Administration issued a Notice of Award letter dated August 8, 2023 stating that the Administration withheld $12,366.25, which amounts to 25% of her past due benefits, to pay her attorney. (Docket # 29-2 at 3.)

Jaimes agreed to pay counsel 25% of any past-due benefits award. (Docket # 29-1.) Jaimes' counsel, Attorney James Brzezinski, requests the Court award him the $12,366.25

---

[1] The Court has changed the caption to reflect Martin J. O'Malley's recent appointment as Commissioner of Social Security.

withheld, pursuant to his contingent fee agreement with Jaimes. (Docket # 29.) Attorney Brzezinski represents that if he is awarded fees under § 406(b), Jaimes will be refunded the $4,714.25 he was awarded in EAJA fees. (*Id.* at 1.)

The Commissioner takes no position on the amount of attorney's fees counsel requests. (Docket # 31.) However, the Commissioner notes that the Administration withholds a single pool of 25% of the past-due benefits to pay fees under both § 406(a) and § 406(b). (Docket # 31 at 3.) This is despite the Supreme Court stating that the statutory text contains separate caps on fees for each type of representation and authorizes two pools of withheld benefits. *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019). The Commissioner notes that pursuant to agency policy, authorized fee awards are paid out in the order received. (Docket # 31 at 3.) In other words, the amount available for direct payment under § 406(b) is subject to change. (*Id.*) The Commissioner contends that if the withheld benefits in its possession are insufficient to satisfy the amount of fees determined reasonable by the Court, the attorney must look to the claimant, not the past due benefits, to recover the difference. (*Id.*) Thus, the Commissioner requests that the Court specifically indicate that any amount it authorizes in § 406(b) fees is to be paid out of Plaintiff's past-due benefits in accordance with agency policy. (*Id.* at 2.)

Looking first at the amount of fees requested, the Court must approve any fee under § 406(b). Congress intended such review not to override the claimant and counsel's fee arrangement, but rather to act as an "independent check" to ensure that the arrangement yielded a reasonable result in the particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "Congress has provided one boundary line: Agreements are unenforceable to the

extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. *Id.* In making this determination, the court may consider the character of the representation and the results obtained, reducing an award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case that the fee would constitute a windfall to the attorney. *Id.* at 808.

As noted above, Jaimes entered into a 25% contingency fee agreement with counsel. Twenty-five percent of her total past-due benefits equals $12,366.25. Thus, counsel has met the "one boundary line" of requesting a fee that does not exceed 25% of the past-due benefits.

However, within the 25% boundary, counsel must still show that the fee sought is reasonable. Counsel contends that the requested fee is reasonable for the 23.72 hours of legal work spent in this case. (Docket # 29-4; Docket # 29 at 4.) Attorney Brzezinski argues that his firm provided effective representation for Jaimes, raising relevant issues resulting in the Court remanding the case. (Docket # 29 at 3–4.) He argues that upon remand, Jaimes was found to be disabled in a fully favorable ALJ decision. (*Id.*) Attorney Brzezinski argues that he litigated the appeal in a timely fashion, without requesting extensions to cause an undue accumulation of past-due benefits. (*Id.* at 3.)

Pursuant to *Gisbrecht*, I find the requested fee is reasonable. Counsel obtained a fully favorable result for Jaimes, who was awarded disability benefits and was awarded back benefits in the amount of $49,465.00. (Docket # 29 at 1.) I further find the fee does not

3

constitute a windfall to the attorney. The amount sought by counsel under § 406(b) is within the 25% permitted by law and provided for in the fee agreement. The fee of $12,366.25 for 23.72 hours of work equates to an hourly fee of approximately $521.34/hour, and this is well within the realm of reasonable fees approved by the courts in this circuit. *See Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D. Wis. 2007) (approving an hourly rate of $580.67 per hour for 38.80 hours of work); *Stemper v. Astrue*, No. 04-CV-838, 2008 WL 2810589, at *1 (W.D. Wis. July 14, 2008) (approving an hourly rate of $666 per hour).

Turning to the Commissioner's request that the Order contain specific language stating that the § 406(b) fee is to be paid out of Plaintiff's past-due benefits in accordance with agency policy, I do not find it necessary to add such language. The Commissioner fears a situation where the "pool" of fees the Administration withheld is depleted by other fee awards, thus leaving an insufficient amount to pay the § 406(b) fee approved. But the Court is tasked with determining the reasonableness of the § 406(b) fee, not to interfere with how Jaimes fulfills her contractual agreement. Jaimes agreed to pay counsel 25% percent of her past due benefits and "Social Security Act fees, whether for services before the SSA or the court, are the plaintiff's debt and not the government's." *Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 71 (2d Cir. 2016). Thus, it is unnecessary to add this extra language to the Order.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) (Docket # 29) is hereby **GRANTED**. Attorney James Brzezinski is awarded fees in the amount of $12,366.25.

**IT IS FURTHER ORDERED** that upon receipt of this sum, Attorney Brzezinski is

directed to refund $4,714.25, representing fees that were previously awarded under the EAJA, directly to Jaimes.

Dated at Milwaukee, Wisconsin this 12th day of April, 2024.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge